Behn Brothers Association, Plaintiff and Appellant, *v.* Félix Rodríguez, Defendant and Appellee.

No. 7387.   Argued January 19, 1937.—Decided March 18, 1937.

*Jaime Sifre, Jr.* and *Raúl Benedicto* for appellant.   *Félix Rodríguez, pro se.*

Mr. Justice Hutchison delivered the opinion of the court.

The district court after a trial on the merits dismissed an unlawful detainer proceeding. The assignment of errors is that the district court erred in holding that the part of a city lot occupied by defendant had not been sufficiently identified and in dismissing the action.

Defendant had erected a small frame house partly on plaintiff's lot and partly on an adjoining strip of land belonging to the People of Puerto Rico. Plaintiff alleged that defendant was occupying one hundred square meters of the lot described in the complaint. Appellant's contention is that the omission of a more particular description of the land occupied by defendant was supplied by the evidence.

One witness for plaintiff testified that defendant occupied almost twenty-two square meters of plaintiff's property. That "three meters of the house were on land belonging to the People of Puerto Rico and the rest on our property." Asked for the boundaries of the twenty-two meters, this witness answered: "Three meters are bounded by the sea and seven meters by us."

Another witness, a surveyor, testified: that defendant's house was three meters in width and eight meters in length:

that six square meters thereof were on government land and the rest twenty odd meters were on plaintiff's lot; that the land occupied by defendant was bounded on the north by the maritime zone belonging to the People of Puerto Rico and on the other three sides by land belonging to plaintiff.

The house was on the northern boundary of plaintiff's lot. There was nothing to show whether the northern boundary line ran due east and west or in a more or less easterly and westerly direction. There was nothing to show whether the lines of the house were parallel with and perpendicular to the northern boundary of the lot or otherwise. There was nothing to show whether the portion of the maritime zone occupied by the house was triangular or quadrilateral. If quadrilateral there was nothing to show whether the resulting figure was a parallelogram or a trapezoid. If the area of that portion was six square meters and the dimensions of the house were three by eight meters, then the area of that portion of plaintiff's lot actually occupied by defendant's house was eighteen square meters, not twenty odd meters nor "almost twenty-two square meters." There was no satisfactory basis for arithmetical calculation.

There were no landmarks whereby either the defendant or the marshal of the district court could determine, without the aid of a surveyor, the exact location of the northern boundary line at the spot where the house stood.

The district court could not order the defendant to vacate, remove or destroy that part of his house which stood on land belonging to the People of Puerto Rico. The evidence did not enable the court to inform the defendant or the marshal with reasonable certainty what part of the house must be vacated, removed or destroyed.

We find no error in the view of the district court as to the inadequate identification of that part of plaintiff's property occupied by defendant. It follows that the district court did not err in dismissing the action.

The judgment appealed from must be affirmed.

Mr. Justice Wolf and Mr. Justice Córdova Dávila took no part in the decision of this case.